IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 13-cr-00252-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JASON MCCAIN,

    Defendant.

## ORDER

This matter is before the Court on defendant Jason McCain's Petition for Compassionate Release [Docket No. 62] and the Motion for Hearing on Petition [Docket No. 63]. The government has filed a response opposing the motions, Docket No. 65, and Mr. McCain replied. Docket No. 71.

## I. BACKGROUND

On February 10, 2014, Mr. McCain pled guilty to a single-count indictment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Docket No. 1 at 1; Docket No. 35 at 1. On August 29, 2014, the Court sentenced Mr. McCain to 120 months imprisonment. Docket Nos. 49, 50. Mr. McCain is currently incarcerated at the United States Penitentiary in Atwater, California and has a projected release date of November 24, 2022.[1]  *See* Federal Bureau of Prisons, *Inmate Locator*,

---

[1] The government states that Mr. McCain is scheduled to report to a halfway house in Denver, Colorado on August 24, 2022 and that, as of March 7, 2022, Mr.

https://www.bop.gov/inmateloc/.

On March 4, 2022, Mr. McCain filed a motion or compassionate release, arguing that his health conditions constitute an extraordinary and compelling reason for his release, Docket No. 62 at 2–4, and that the sentencing factors also favor release. *Id.* at 4–6. Mr. McCain suffers from a hiatal hernia, which caused the formation of a Schatzki ring. *Id.* at 3. Mr. McCain states that, when he is released, he will have a place to live, will be able to get proper medical treatment, and has a strong network of support. *Id.* at 3–4. The government opposes Mr. McCain's motion. Docket No. 65. The government does not dispute Mr. McCain's health issues, *see id.*, but raises three arguments against release: (1) his failure to exhaust; (2) his "significant treatment" for his health conditions while incarcerated; and (3) his disciplinary infractions while incarcerated. *Id.*

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A)(I), known as the "compassionate release" provision, a district court may grant a motion for a reduction of sentence by the defendant or the director of the BOP if three requirements are met. *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The requirements are that "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *Id.* A court need not address all of the steps if one of them demonstrates that a defendant is not

---

McCain had served 83.2% of his full term of incarceration and 92% of his statutory term. Docket No. 65 at 2–3.

entitled to compassionate release. *Id.* at 1043.

Additionally, a district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Although the Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction, *see* U.S.S.G. § 1B1.13, cmt. n.1, this policy statement is not "applicable" under the First Step Act when a motion is brought by a defendant. *See McGee*, 992 F.3d at 1050. Rather, it is within the Court's discretion to determine whether extraordinary and compelling reasons justify compassionate release. *See id.* (reasoning that, because the guidelines are not "applicable" they "cannot constrain district courts' discretion" (citation omitted)). However, a court may conclude that the application notes to U.S.S.G. §1B1.13 "still provide[] the best definition and description of 'extraordinary and compelling reasons.'" *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished).

### III.  ANALYSIS

#### A.  Exhaustion

The Court first addresses exhaustion because the government contests it. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021) (holding that exhaustion under § 3582(c)(1)(A) is a claim-processing rule rather than jurisdictional); *United States v. Gieswein*, 2021 WL 4852420, at *2 n.2. (10th Cir. Oct. 19, 2021)

(unpublished) ("But the exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here.").

The government argues that Mr. McCain has not exhausted his administrative remedies and does not mention any attempt to exhaust in his motion. Docket No. 65 at 1. The government also states that "BOP confirms that they have no record of [Mr. McCain] attempting to satisfy the administrative exhaustion requirement." *Id.* at 3. The government is correct that Mr. McCain's motion contains no mention of exhaustion. However, in reply, Mr. McCain states that he attempted to exhaust and was "rebuffed." Docket No. 71 at 1. Mr. McCain provides the warden's response to his administrative remedy request, which states that the warden received the request on January 4, 2022 and denied it on January 25, 2022. Docket No. 71-1. Accordingly, Mr. McCain has exhausted his administrative remedies. *See, e.g.*, *United States v. Oaks*, No. 18-cr-00470-PAB-11, 2022 WL 1081148, at *1 (D. Colo. Apr. 11, 2022) ("That requirement is satisfied here. Defendant filed with the Court the warden's December 21, 2021 denial of defendant's request for compassionate release based on COVID-19.").

### B.  Medical Issues

Mr. McCain argues, in part, that he should be released because he suffers from serious medical issues. Docket No. 62 at 2. He claims that his hiatal hernia, which caused a Schatzki ring, makes him unable to keep food down or, sometimes, to be able to swallow at all. *Id.* at 3. When food gets stuck in his esophagus, he feels that he is going to die, which causes panic attacks. *Id.* The Bureau of Prisons ("BOP") provided two procedures, which Mr. McCain believes were esophageal dilations, to inflate and

enlarge the Schatzki ring.  *Id.*  These procedures provided relief for a several days, but Mr. McCain's symptoms returned with increased severity.  *Id.*  No additional procedures are scheduled, and Mr. McCain does not believe BOP will treat the hiatal hernia.  *Id.*  Mr. McCain did not provide any medical records with his motion.

The government argues that, although Mr. McCain suffers from health issues, he has received "significant" medical treatment.  Docket No. 65 at 3.  The government does not specify what this treatment is and, although the government has provided medical records for Mr. McCain, the government does not provide any cites to the 205-page exhibit.  *Id.* (citing Docket No. 65-1).

In reply, Mr. McCain cites to the medical records that the government provided.  *See* Docket No. 71 at 1–3.  These records indicate that, after a June 2021 x-ray, the radiologist determined that there was "[n]o definite radiographic evidence of hiatal hernia."  Docket No. 65-1 at 193.  However, by October 2021, BOP physicians had diagnosed Mr. McCain with a "diaphragmatic hernia," an "esophageal obstruction," and "gastro-esophageal reflux disease with esophagitis."  *Id.* at 11.  A gastroenterologist recommended a follow-up appointment if symptoms persisted after the Schatzki ring was dilated.  *Id.*  At an appointment in December 2021, plaintiff complained that his symptoms were continuing, and the physician recommended scheduling a "EGD consult to URC committee" to review, approve, and "schedule ASAP."  *Id.* at 7.  On February 2, 2022, Mr. McCain's esophagus was dilated again.  *Id.* at 2.  The records indicate "Schatzki ring found on previous exam is totally resolved."  *Id.*; *see also id.* at 1.  The records further recommend considering "laparoscopic fundoplication."  *Id.* at 1.  Mr. McCain insists that "[t]here is no indication that BOP intends to provide the

recommended laparoscopic fundoplication," Docket No. 71 at 2–3; however, there are no records indicating that this procedure was or will be refused.

Given that Mr. McCain had multiple successful treatments to remedy his Schatzki ring, that BOP has provided medication for his gastro-esophageal reflux disease, *see, e.g.*, Docket No. 65-1 at 4 (mentioning 40mg of omeprazole for gastro-esophageal reflux disease), and that there is no evidence that BOP has refused additional treatment, the Court finds that Mr. McCain's medical issues are well managed at his facility and do not constitute extraordinary and compelling reasons for his release.

### C.  Section 3553(a) Factors

Even if Mr. McCain had demonstrated that extraordinary and compelling reasons exist warranting his release under 18 U.S.C. § 3582(c)(1)(A)(i), the Court would need to consider whether compassionate release is appropriate in light of the sentencing factors set out in 18 U.S.C. § 3553(a).  *See, e.g.*, *United States v. Lochmiller*, No. 09-cr-00529-PAB, 2020 WL 4783433, at *2 (D. Colo. July 20, 2020) ("[T]he Court must consider whether the factors outlined in 18 U.S.C. § 3553(a) support" the sentence reduction.); *see also United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) ("Under § 3582(c)(1)(A)(i), a district court may grant a sentence reduction . . . after considering the 18 U.S.C. § 3553(a) factors.") (internal quotations omitted).  These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrent to criminal conduct, [and] to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a).

Mr. McCain argues that, although his offense was "not minor," he "did not fire a gun or even point it at anyone," that his "history and character have markedly changed during his long prison sentence," and that his "age and ill health significantly reduce the likelihood of recidivism." Docket No. 62 at 4.[2]

The plea agreement explains that, on October 3, 2012, Mr. McCain was released on parole from the Colorado Department of Corrections. Docket No. 35 at 3. On December 20, 2012, Mr. McCain absconded from parole supervision. *Id.* Colorado Parole Officers located Mr. McCain at a motel in Pueblo, Colorado on February 12, 2013. *Id.* When the officers contacted Mr. McCain, he fled. *Id.* Shortly before he was apprehended, Mr. McCain discarded, among other items, a loaded handgun and a chewing gum box containing 5.07 grams of methamphetamine. *Id.* Mr. McCain's total offense level was 25 and his criminal history category was VI, resulting in a guideline imprisonment range of 110 to 120 months. Docket No. 50 at 7. The presentence investigation report, *see id.*, indicates that Mr. McCain has a lengthy criminal history, including multiple felonies and violent crimes. *See* Docket No. 42 at 7–13.

According to the government, within the last two years of Mr. McCain's incarceration, he has committed a number of disciplinary infractions, including misuse of authorized medication and assault, along with two instances of possessing drugs

---

[2] Mr. McCain provided a document prepared by Alexandra Miller, FSW, LSW, who appears to be a social worker. *See* Docket No. 73. The document does not cite to any medical records that have been provided, and it is not clear whether Ms. Miller treated Mr. McCain for any of the medical conditions listed in the document. The document also details Mr. McCain's "progress in prison," including the educational and drug classes that Mr. McCain has taken. *See id.* at 4. The document, however, does not contain any records from the facility to substantiate that Mr. McCain completed these classes, or that they were all of the programming available. The document also discusses Mr. McCain's release plan. *See id.* at 4–8.

(heroin) and fighting with another person.  Docket No 65 at 3 (citing Docket No. 65-3).  Mr. McCain does not dispute this disciplinary record.

The Court finds that the sentence imposed was an appropriate balance of the sentencing factors given the seriousness of the crime and Mr. McCain's criminal history, which includes convictions for felony menacing.  *See* Docket No. 42 at 10–11.  Furthermore, the sentence promoted respect for the law and just punishment for the offense and will deter criminal conduct and protect the public from future crimes of Mr. McCain.  Granting Mr. McCain's motion would undermine these sentencing factors.  *See, e.g.*, *United States v. Leslie*, No. 20-cr-00171-PAB, 2022 WL 218619, at *3 (D. Colo. Jan. 24, 2022) ("[T]he Court finds that, given the nature of the offenses . . . releasing [defendant] would not reflect the seriousness of his crimes, promote respect for the law, provide just punishment for the offense, or afford adequate deterrence to criminal conduct."); *United States v. Schwab*, 2020 WL 3452651, at *1 (E.D. La. June 24, 2020) ("The Court finds that defendant's sentence would not 'reflect the seriousness of the offense' were he released after serving eighty-two months, or about thirty-four percent, of his term of imprisonment.").  Moreover, Mr. McCain's recent disciplinary problems in prison emphasize the need to protect the public through service of the original sentence.

Having determined that Mr. McCain has failed to establish extraordinary or compelling circumstances under § 3582(c)(1)(A), or that a reduction in sentence is appropriate in light of the § 3553(a) factors, the Court will deny the motion for compassionate release.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Jason McCain's Petition for Compassionate Release [Docket No. 62] is **DENIED**. It is further

**ORDERED** that the Motion for Hearing on Petition [Docket No. 63] is **DENIED as moot**.

DATED July 18, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge